IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-62,716-02






EX PARTE CLYDE MOORE, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

FROM CAUSE NO. 03F0153-005 IN THE 5TH JUDICIAL DISTRICT COURT OF
BOWIE COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of aggravated sexual assault of a child, and
punishment was assessed at thirty years' confinement. No direct appeal was taken.

 Applicant contends that he was denied the right to appeal his conviction because his
trial counsel failed to file a notice of appeal, and failed to inform Applicant of his appellate
rights.

 The trial court has entered an order recommending that Applicant be granted an out-of-time appeal. However, we do not believe that the record is sufficient to completely
resolve the issues presented. Because Applicant has stated facts requiring resolution and
because this Court cannot hear evidence, it is necessary for the matter to be remanded to the
trial court for resolution of those issues. The trial court may resolve those issues as set out
in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or
interrogatories from counsel or it may order a hearing. In the appropriate case the trial court
may rely on its personal recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether Applicant indicated a
desire to appeal his conviction, and whether trial counsel filed a notice of appeal. If
Applicant did express a desire to appeal, and counsel failed to timely file a notice of appeal,
the court shall make findings as to whether counsel withdrew from the representation or was
replaced by new counsel, and if so, when. If trial counsel did not withdraw from the
representation, and if no appellate counsel was appointed, the trial court shall make findings
as to why not. The trial court shall also make any further findings of fact and conclusions
of law it deems relevant and appropriate to the disposition of the application for writ of
habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within ninety days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred and twenty days of the date of this
order. (2)

 IT IS SO ORDERED THIS THE 15TH DAY OF FEBRUARY, 2005.


EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.